(No. 3955—

RACHEL M. Ross, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1947.*

C. G. COLBURN, for claimant.

GEORGE F. BARRETT, Attorney General; and C. ARTHUR NEBEL, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

This complaint, filed on April 5, 1946 alleges that the claimant is a resident of Cass County and is the owner of certain described real estate consisting of an improved farm with buildings thereon in said county.

The complaint alleges that for many years prior to

September 1921, a public highway was in existence along the north side of claimant's farm. That this public highway was first maintained as a township road; later as a State-Aid road in Cass County; and then on the 21st day of September 1921, a dedication deed was executed by claimant and her husband, now deceased, for some additional right of way along claimant's premises; that said dedication deed was executed for the purpose of assisting in bringing about the construction of a State Bond Issue Route 125 to be paved with concrete.

The complaint further alleges that at the time said dedication deed was executed, there was a large cattle barn, approximately 120 ft. in length, on the premises of the claimant, which was situated and adjoining the highway mentioned in said dedication deed; pursuant to such deed of dedication, the State of Illinois in 1923 and 1924, improved said highway along and bordering the premises of the claimant and that the construction of said highway was done in a careful and workmanlike manner so that no damage was caused to the earth which supported the large cattle barn above referred to. Thereafter in 1941, the respondent again improved said State Bond Issue Route 125 along the premises of the claimant. In making these improvements, its agents, employees, and servants removed additional earth and dirt from the lateral dirt supporting said barn of claimant. The complaint alleges that this excavation was done in a careless and negligent manner and that in direct consequence of the negligence of the respondent and as a result of the negligence and improper excavation as aforesaid, a large quantity of the soil supporting claimant's building gave way and fell into respondent's excavation; that during the Spring of 1942, the soil, in its weakened condition, caused by the said negligent excavation, was unable to

further support the barn of the claimant, causing the foundation to give way; it alleges the walls were broken and destroyed and the premises were rendered dangerous and unfit for use and that the claimant was compelled to abandon the use of her barn until the same could be repaired several months later.

The complaint further alleges that on August 23, 1944, claimant constructed a concrete foundation wall under said cattle barn incurring a cost of $631.21 for which she seeks an award.

The respondent through its Attorney General, files its motion to dismiss the complaint for two reasons:

1.  That the cause of action stated in the complaint is based upon alleged damages to an integral part of a parcel of land which was conveyed to the respondent for highway purposes. That said deed, dated July 18, 1940, was based on a good and valuable consideration and was executed prior to the date of the alleged damages.
2.  That this cause of action is barred by the statute of limitations.

The complaint shows on its face that the alleged damages to claimant's barn happened in the Spring of 1942. The complaint was filed with the Clerk of this Court on April 5, 1946.

Section 22 of the Court of Claims Law (Ill. Rev. Stat. 1945, Chap. 37, Par. 439.22) prescribes the limit of time in which a claim may be filed in this Court. A claim such as the one before us must be filed within two years after it first accrues.

The complaint shows on its face that more than four years had elapsed from the date of the alleged damages to the filing of the complaint. Therefore, under the law, this Court is without jurisdiction to hear and determine this claim for the reason the statute of limitations had run against it.

Claimant's counsel argues that since the repairs

were not made to the barn until August 23, 1944, that this tolled the statute.

We cannot agree with this statement as being the law.

Having concluded that we are without jurisdiction to hear and determine this claim, it becomes unnecessary to discuss other points raised by the respective counsel.

The motion of the Attorney General is allowed. Complaint dismissed.